UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.   CASE NO.: 2:22-cr-11-SPC-KCD

JAVONTE KEYON WHITFIELD

## **OPINION AND ORDER**[1]

Before the Court is Defendant Javonte Keyon Whitfield's Request for an Evidentiary Hearing, Motion to Suppress, and an Incorporated Memorandum of Law (Doc. 67), along with the Government's opposition (Doc. 70). The Court denies Defendant's motion.

## BACKGROUND

On May 14, 2021, Fort Myers Police Department (FMPD) officers responded to a ShotSpotter alert in the area of 2835 Evans Avenue. (Def. Ex. 2). Upon arrival, officers saw someone run into 2841 Evans Avenue ("the residence") and observed a running car parked outside with the driver's door open. (Def. Ex. 2). One occupant emerged from the residence and told officers he was alone in the residence with his children. (Def. Ex. 2). But soon after, officers saw several men exit, including Defendant. (Def. Ex. 2). One of the

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

men, Jahmari Salmon, had a gunshot wound to his arm. (Def. Ex. 2). Officers cleared the residence and detained the men, including Defendant. (Def. Ex. 2).

Detective Vincent Doyle spoke to Defendant and obtained a short-sworn statement. (Def. Ex. 1). Defendant said he was inside the residence and Salmon was outside the residence when Defendant heard two "pops" that he did not think were gunshots. (Def. Ex. 1). Defendant told Doyle that when Salmon entered the residence, Defendant did not know Salmon had been shot. (Def. Ex. 1). Defendant said he did not know why anyone would want to shoot Salmon. (Def. Ex. 1).

When clearing the residence, officers observed a bloody white towel in the bedroom, a small clear bag containing a white powdery substance on the kitchen counter, and a semi-automatic handgun that appeared to have blood on the grip on top of a water heater. (Def. Ex. 2). Officers secured the scene, and Detective Maalisa Langton prepared a search warrant and affidavit for the search of the residence. (Def. Ex. 2).

The Honorable Devin S. George signed the search warrant which was then executed. (Def. Ex. 2, 3). FMPD Crime Scene Technicians found several items of evidentiary value, including multiple firearms. (Def. Ex. 2). The firearms were sent to the Florida Department of Law Enforcement for analysis. Defendant's fingerprints were identified on a rifle seized from underneath a bed. (Def. Ex. 2, 4).

In November 2021, based on an affidavit submitted by Langton, an arrest warrant was issued for Defendant for possession of a firearm as a convicted felon in violation of Florida State Statute §790.23. Defendant was arrested in Georgia and indicted by a federal grand jury in February 2022 on violations of 18 U.S.C. §922(g)(1) and 18 U.S.C. §924(a)(2). (Def. Ex. 5, Doc. 70 at 3, Doc. 1).

Defendant filed a Motion to Suppress, the merits of which are addressed next.

## DISCUSSION

Defendant makes two arguments. First, Defendant argues that the statement he made to Doyle should be suppressed because it was provided without *Miranda* warnings. (Doc. 67 at 3-4). The Government responds that this issue is moot because it does not intend to introduce any part of Defendant's statement in its case-in-chief. (Doc. 70 at 4).

Second, Defendant challenges the "warrants" in this case, but puts forth an argument only as to the arrest warrant. (Doc. 67 at 4). The Government responds that Defendant's motion is facially insufficient because it does not identify what evidence was seized as a result of the arrest warrant, and the Government is unaware of any relevant evidence seized as a result of that warrant. (Doc. 70 at 4-5).

The Court will take each ground in turn.

### A. Defendant's Request to Suppress Defendant's Statement to Detective Doyle

Defendant argues that he should have been provided with *Miranda* warnings before his discussion with Doyle and was not. The Government responds that it does not intend to introduce any portion of Defendant's statement in its case-in-chief (Doc. 70 at 4). Therefore, the Court need not address the merits of Defendant's argument.

Accordingly, Defendant's motion to exclude his statement during the Government's case-in-chief is granted. To the extent that the statement becomes relevant and the Government wishes to introduce it for rebuttal, the Court will revisit the issue.

### B. Defendant's Request to Suppress Evidence Seized as a Result of the "Warrants"

Defendant's motion is not a model of clarity. There are two warrants in this case issued and executed months apart: (1) the search warrant for the residence (where the firearm with Defendant's fingerprints was found) and (2) Defendant's arrest warrant. In Defendant's motion, he refers vaguely to "warrants" (plural) and asks for "all warrants" and resulting evidence to be suppressed. (Doc. 67 at 3, 5).

As an overarching concern, Defendant has not met his burden to be "sufficiently definite, specific, detailed, and nonconjectural" in presenting a substantial claim as to *either* warrant. *United States v. Richardson,* 764 F.2d

4

1514, 1527 (11th Cir. 1985) (stating that a motion to suppress must "in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the [district court] to conclude that a substantial claim has been presented"). Defendant has not presented any argument at all regarding the sufficiency of the search warrant. He has also failed to assert that he has standing.[2] And with regard to the arrest warrant, Defendant has not made a cogent argument that the warrant lacked probable cause or specified what relief he seeks.

Defendant's request to have the arrest warrant and all related evidence suppressed fails on two grounds. First, Defendant fails to explain why the arrest warrant lacked probable cause. Probable cause to arrest exists when there are facts "sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." *United States v. Floyd,* 281 F.3d 1346, 1348 (11th Cir. 2002).

Defendant argues that the firearm at issue—on which Defendant's fingerprints were found—could have belonged to anyone in the house, and that the presence of Defendant's fingerprints on the weapon does not confirm

---

[2] "[O]nly individuals who actually enjoy the reasonable expectation of privacy have standing to challenge the validity of a government search." *United States v. Cooper,* 203 F.3d 1279, 1284 (11th Cir. 2000) (citing *Rakas v. Illinois,* 439 U.S. 128, 133-34 (1978)). A party moving to suppress must assert an expectation of privacy in the area searched. *See United States v. Bachner,* 706 F.2d 1121, 1128 (11th Cir. 1983). Defendant has not alleged any such privacy interest, and any argument about the search warrant—had he made one—would fail on that ground alone. *See United States v. Sneed,* 732 F.2d 886, 888 (11th Cir. 1984).

"beyond a reasonable doubt" that Defendant possessed the weapon or the circumstances or timeframe in which possession occurred. (Doc. 67 at 4). But the standard for issuance of a warrant is probable cause, not "beyond a reasonable doubt." *United States v. Ventresca,* 380 U.S. 102, 107 (1965) (internal citations and quotations omitted) ("[T]he term 'probable cause' means less than evidence which would justify condemnation . . . There is a large difference between the two things to be proved [guilt and probable cause] . . . and therefore a like difference in the *quanta* and modes of proof required to establish them").[3] The arguments presented by Defendant are arguments to be made at trial, not challenges to the probable cause for his arrest.

Second, Defendant's motion is not specific and detailed enough to enable the Court to conclude that Defendant has presented a substantial claim. *Richardson,* 764 F.2d at 1527. Defendant does not specify what evidence he is seeking to suppress, but merely makes vague reference to suppressing the arrest warrant and "any evidence obtained as a result of" the arrest warrant. The Court is unaware of any evidence "obtained as a result of" Defendant's arrest warrant and the Government says none exists. (Doc. 70 at 5). The primary evidence in this case—the firearm bearing Defendant's fingerprints—

---

[3] *See also Illinois v. Gates,* 462 U.S. 213, 235 (1983) (citing *Spinelli v. United States,* 393 U.S. 410, 419 (1969)) (stating that "probable cause" requires "only a probability, and not a prima facie showing, of criminal activity").

was seized in connection with the search warrant, not the arrest warrant. The seizure of the firearm occurred long before Defendant's arrest.

The Court has discretion in determining the need for a hearing, and the Court "need not act upon general or conclusory assertions" made by parties, particularly when a motion to suppress fails to meet the threshold requirement of being "sufficiently definite, specific, [and] detailed." *Richardson*, 764 F.2d at 1527. The Court need not schedule a hearing to allow Defendant to present facts or evidence not raised in Defendant's motion to suppress. *United States v. Roundtree*, 299 F. App'x 905, 906 (11th Cir. 2008) (citing *United States v. Cooper*, 203 F.3d 1279, 1285 (11th Cir. 2000)). The Court thus denies Defendant's motion to suppress and request for an evidentiary hearing.

Accordingly, it is

**ORDERED:**

Defendant Javonte Keyon Whitfield's Request for an Evidentiary Hearing, Motion to Suppress, and an Incorporated Memorandum of Law (Doc. 67) is **GRANTED IN PART AND DENIED IN PART**.

1. Defendant's request for an evidentiary hearing is **DENIED**.
2. Defendant's Motion to Suppress the statement Defendant made to Detective Doyle on May 14, 2021, is **GRANTED** to the extent that it cannot be used in the Government's case-in-chief.
3. Defendant's Motion to Suppress the arrest warrant is **DENIED**.

4. As to all other respects, the Motion is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 9, 2022.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record