UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FOWLER PROPERTIES, INC,

    Plaintiff,

v.                          Case No.:  2:23-cv-697-SPC-NPM

ILLINOIS UNION INSURANCE
COMPANY,

    Defendant.
                                   /

## **ORDER**

Before the Court is Defendant Illinois Union Insurance Company's Notice of Removal. (Doc. 1). Plaintiff first sued Defendant in state court over an insurance contract breach. Defendant then removed the case here based on diversity jurisdiction.

A defendant may remove a case from state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over cases with complete diversity and an amount in controversy over $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). And removal statutes are strictly construed with doubts resolved for remand. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

Defendant falls short on amount in controversy. It relies on Plaintiff's "Property Insurance Notice of Intent to Initiate Litigation" that Florida law requires it to file before suit. *See* Fla. Stat. § 627.70152(3)(a) ("As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department."). Defendant represents that Plaintiff's notice "reflects damages of $211,721.00." (Doc. 1 at 3). Yet, Defendant never provides the notice nor explains the damages that Plaintiff allegedly claims.

Defendant's vague assert is problematic because generally "[s]ettlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction." *E.g.*, *Lamb v. State Farm Fire Mut. Auto. Ins.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010). Instead, courts analyze "whether demand letters merely reflect puffing and posturing, or whether they provide specific information to support the plaintiff's claim for damages and thus offer a reasonable assessment of the value of the claim." *Gluth v. Am. Airlines, Inc.*, No. 2:19-cv-918-FTM-38MRM, 2020 WL 897986, at

\*2 (M.D. Fla. Feb. 25, 2020) (cleaned up).  Without more information (or at least the notice), the Court cannot say the amount in controversy is satisfied at the time of removal.  The Court thus finds that Defendant has not met its burden on the amount in controversy to show subject-matter jurisdiction.

Accordingly, it is

**ORDERED:**

Defendant must **SUPPLEMENT** its Notice of Removal on or before **September 12, 2023**, to show cause why this case should not be remanded lacking subject-matter jurisdiction.  **Failure to follow this Order will cause this case being remanded without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on September 5, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record